No. 23-10062

**UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

CURTRINA MARTIN, individually and as Parent and Next Friend of G.W., a minor, and HILLIARD TOI CLIATT,

*Plaintiffs-Appellants,*

v.

UNITED STATES OF AMERICA, LAWRENCE GUERRA, SIX UNKNOWN FBI AGENTS,

*Defendants-Appellees.*

On remand from the United States Supreme Court
Case No. 24-362

On appeal from the United States District Court
for the Northern District of Georgia
Case No. 1:19-cv-04106

# Plaintiffs-Appellants' Petition for Rehearing En Banc

Lisa C. Lambert
LAW OFFICE OF LISA C. LAMBERT
245 N. Highland Ave.,
Suite 230-139
Atlanta, GA 30307

Jeffrey R. Filipovits
FILIPOVITS & SMITH
315 W. Ponce de Leon Ave.,
Suite 865
Decatur, GA 30030

Zack Greenamyre
MITCHELL SHAPIRO GREENAMYRE & FUNT
881 Piedmont Ave. NE
Atlanta, GA 30309

Patrick Jaicomo
*Lead Counsel*
Anya Bidwell
Dylan Moore
Jared McClain
INSTITUTE FOR JUSTICE
901 N. Glebe Rd.,
Suite 900
Arlington, VA 22203
(703) 682-9320
pjaicomo@ij.org

*Attorneys for Plaintiffs-Appellants*

## Rule 40-3(b) Statements

I express a belief, based on a reasoned and studied professional judgment, that the panel decision is contrary to the following decisions of the Supreme Court of the United States and the precedents of this circuit and that consideration by the full court is necessary to secure and maintain uniformity of decisions in this court:

**Supreme Court**

*United States v. Gaubert*,
499 U.S. 315 (1991);

*Berkovitz v. United States*,
486 U.S. 531 (1988);

*United States v. Varig Airlines*,
467 U.S. 797 (1984);

*Hatahley v. United States*,
351 U.S. 173 (1956);

*Dalehite v. United States*,
346 U.S. 15 (1953).

**Eleventh Circuit**

*Drake Towing Co. v. Meisner Marine Constr. Co.*,
765 F.2d 1060 (11th Cir. 1985);

*Payton v. United States*,
679 F.2d 475 (5th Cir. Unit B 1982);

*J.H. Rutter Rex Mfg. Co. v. United States*,
515 F.2d 97 (5th Cir. 1975);

*Pigott v. United States*,
451 F.2d 574 (5th Cir. 1971);

*Smith v. United States*,
375 F.2d 243 (5th Cir. 1967).

I express a belief, based on a reasoned and studied professional judgment, that this appeal involves one or more questions of exceptional importance: Whether and under what circumstances the Federal Tort Claims Act's discretionary-function exception may ever foreclose suits for wrong-house raids and similar negligent or wrongful acts by federal employees.

November 20, 2026

/s/ Patrick Jaicomo
*Attorney of Record for Plaintiffs-Appellants*

## Table of Contents

**Page**

Rule 40-3(b) Statements ........ i

Statement of the Issue ........ 1

Statement of Necessary Facts ........ 2

Statement of Proceedings and Disposition ........ 2

I. The district court dismissed Plaintiffs' FTCA claims under the discretionary-function exception and Supremacy Clause bar. ........ 3

II. This Court affirmed the application of the discretionary-function exception and Supremacy Clause bar. ........ 4

III. The Supreme Court overruled the Supremacy Clause bar, vacated this Court's affirmance, and asked it to conduct a "careful reexamination of this case." ........ 5

IV. The panel again affirmed and dismissed Plaintiffs' FTCA claims but urged en banc review ........ 7

Argument and Authorities ........ 9

I. The panel decision conflicts with Supreme Court precedent. ........ 10

II. The panel decision conflicts with this Court's earlier precedent. ........ 15

III. The panel decision conflicts with the decisions of other circuits. ........ 16

IV. This case involves a question of exceptional importance. ........ 17

Conclusion ........ 19

Certificate of Compliance ........ 20

Certificate of Service ........ 21

## Table of Citations

**Page(s)**

**Cases**

*Aretz v. United States*,
604 F.2d 417 (5th Cir. 1979) .......... 15

*Autery v. United States*,
992 F.2d 1523 (11th Cir. 1993) .......... 8, 11

*Ball v. United States*,
967 F.3d 1072 (10th Cir. 2020) .......... 17

*Berkovitz v. United States*,
486 U.S. 531 (1988) .......... 10–12

*Coulthurst v. United States*,
214 F.3d 106 (2d Cir. 2000) .......... 17

*Dalehite v. United States*,
346 U.S. 15 (1953) .......... 12

*Denson v. United States*,
574 F.3d 1318 (11th Cir. 2009) .......... 4

*Drake Towing Co. v. Meisner Marine Constr. Co.*,
765 F.2d 1060 (11th Cir. 1985) .......... 15

*Hatahley v. United States*,
351 U.S. 173 (1956) .......... 12

*Hughes v. United States*,
110 F.3d 765 (11th Cir. 1997) .......... 13

*Indian Towing Co. v. United States*,
350 U.S. 61 (1955) .......... 12–13

*J.H. Rutter Rex Mfg. Co. v. United States*,
515 F.2d 97 (5th Cir. 1975) .......... 15

*Kordash v. United States*,
51 F.4th 1289 (11th Cir. 2022) .......... 4

*Lam v. United States*,
979 F.3d 665 (9th Cir. 2020) .......... 17

*Limone v. United States*,
579 F.3d 79 (1st Cir. 2009) .......... 16

*Linder v. United States*,
937 F.3d 1087 (7th Cir. 2019) .......... 16

*Loumiet v. United States*,
828 F.3d 935 (D.C. Cir. 2016) .......... 16

*Martin v. United States*,
605 U.S. 395 (2025) .......... 1–2, 5–7, 9–10, 14, 16–18

*Medina v. United States*,
259 F.3d 220 (4th Cir. 2001) .......... 16

*Mesa v. United States*,
123 F.3d 1435 (11th Cir. 1997) .......... 3, 5, 8, 11, 13

*Mid-South Holding Co. v. United States*,
225 F.3d 1201 (11th Cir. 2000) .......... 13

*Myers & Myers, Inc. v. USPS*,
527 F.2d 1252 (2d Cir. 1975) .......... 16

*Nguyen v. United States*,
556 F.3d 1244 (11th Cir. 2009) .......... 3–4

*Nurse v. United States*,
226 F.3d 996 (9th Cir. 2000) .......... 16

*O'Ferrell v. United States*,
253 F.3d 1257 (11th Cir. 2001) .......... 13

*Palay v. United States*,
349 F.3d 418 (7th Cir. 2003) .......... 17

*Payton v. United States*,
679 F.2d 475 (5th Cir. Unit B 1982) .......... 15

*Pigott v. United States*,
451 F.2d 574 (5th Cir. 1971) .......... 15

*Rayonier Inc. v. United States*,
352 U.S. 315 (1957) .......... 13

*Raz v. United States*,
343 F.3d 945 (8th Cir. 2003) .......... 16

*Rich v. United States*,
811 F.3d 140 (4th Cir. 2015) .......... 17

*Rosas v. Brock*,
826 F.2d 1004 (11th Cir. 1987) .......... 15

*Shivers v. United States*,
1 F.4th 924 (11th Cir. 2021) .......... 5–6, 8, 11, 16–17

*Smith v. United States*,
375 F.2d 243 (5th Cir. 1967) .......... 13, 15

*U.S. Fid. & Guar. Co. v. United States*,
837 F.2d 116 (3d Cir. 1988) .......... 16

*United States v. Gaubert*,
499 U.S. 315 (1991) .......... 10, 12, 14

*United States v. Varig Airlines*,
467 U.S. 797 (1984) .......... 12

*Utah v. Strieff*,
579 U.S. 232 (2016) .......... 11

*Williams v. United States*,
314 F. App'x 253 (11th Cir. 2009) .......... 4

*Willis v. Boyd*,
993 F.3d 545 (8th Cir. 2021) .......... 17

*Xi v. Haugen*,
68 F.4th 824 (3d Cir. 2023) .......... 17

*Zelaya v. United States*,
781 F.3d 1315 (11th Cir. 2015) .......... 11

**Statutes**

28 U.S.C. § 2680(a) .......... 3

28 U.S.C. § 2680(h) .......... 3

**Rules**

11th Cir. R. 40 .......... 3

Fed. R. App. P. 40(b) .......... 9

## Statement of the Issue

FBI agents carelessly and unconstitutionally raided the wrong house. When the innocent victims of that mistake sued the United States under the Federal Tort Claims Act, the district court dismissed their claims. This Court affirmed, but the Supreme Court granted certiorari, vacated this Court's affirmance, and remanded the case for this Court's "careful reexamination." *Martin v. United States*, 605 U.S. 395, 415 (2025) (*Martin 2*).

The Supreme Court observed that "the Federal Tort Claims Act permits some suits for wrong-house raids." *Martin 2*, 605 U.S. at 399. But on remand, the members of the panel concluded that the Eleventh Circuit permits none: "[I]n this Circuit, the discretionary-function exception is a mess, [and] as interpreted bars all (or certainly most) FTCA suits based on wrong-house raids." Conc. 1.

To resolve this tension, provide the "careful reexamination" the Supreme Court requested, and bring Eleventh Circuit law into line with Supreme Court jurisprudence, older circuit precedent, and the law of its sister circuits, the Court should grant Plaintiffs' petition to consider "whether and under what circumstances [the discretionary-function] exception may ever foreclose a suit like this one." *Martin 2*, 605 U.S. at 415.

## Statement of Necessary Facts

Before dawn on October 18, 2017, FBI Special Agent Lawrence Guerra led a six-agent SWAT team to the wrong house in suburban Atlanta. Warrant in hand to raid the home of a wanted gang member at 3741 Landau Lane, Guerra instead led his team to the home of an innocent family at 3756 Denville Trace. Without checking the posted address or nearby street sign, Guerra's heavily armed team smashed through the front door, stormed inside, and arrested a terrified family—Plaintiffs Hilliard Toi Cliatt, his partner Curtrina Martin, and her then-seven-year-old son G.W. Guerra later blamed this life-threatening blunder on his personal GPS, but he discarded the device before it could be examined. *See Martin 2*, 605 U.S. at 399–400; Maj. 3–5.[1]

## Statement of Proceedings and Disposition

In September 2019, Plaintiffs filed this action. They brought five counts against the United States under the Federal Tort Claims Act: (1) false arrest and false imprisonment; (2) assault and battery; (3) trespass and interference with property;

[1] "Doc." citations refer to the district court's docket; "C.A.Doc." to this Court's docket; "Maj." to the panel majority's opinion; and "Conc." to Judge Jordan's concurring opinion, joined by Judges Jill Pryor and Kidd.

(4) infliction of emotional distress; and (5) negligence. Docs. 1 (Martin and G.W.), 115 (Cliatt).[2] The district court and this Court dismissed Plaintiffs' claims, but the Supreme Court revived them—only for the panel to dismiss them again on remand.

## I. The district court dismissed Plaintiffs' FTCA claims under the discretionary-function exception and Supremacy Clause bar.

Following discovery, the government moved for summary judgment. Doc. 83-1. The district court granted the government's motion on Counts 3–5, holding that the discretionary-function exception, 28 U.S.C. § 2680(a), barred Plaintiffs' claims because "[t]here was no statute, regulation or even internal operating procedure prescribing Guerra's course of action." Doc. 124 at 26–27 (citing in part *Mesa v. United States*, 123 F.3d 1435, 1438 (11th Cir. 1997)). But the district court concluded that Counts 1–2 fell within the law-enforcement proviso to the FTCA's intentional-tort exception, 28 U.S.C. § 2680(h), which—based on then-controlling Eleventh Circuit precedent in *Nguyen v. United States*, 556 F.3d

[2] Plaintiffs also brought *Bivens* claims that are not the subject of this petition. It is the belief of Plaintiffs' counsel that the panel's denial of qualified immunity to Agent Guerra does not meet the exacting standards of Rule 40. *See* 11th Cir. R. 40-3(b), 40-6. Plaintiffs therefore request that, if this Court grants their petition, it vacate only those portions of the panel opinion addressing the FTCA. *See* 11th Cir. R. 40-11.

1244 (11th Cir. 2009)—overrode the discretionary-function exception. Doc. 124 at 28–29 (citing *Williams v. United States*, 314 F. App'x 253 (11th Cir. 2009)).

The district court then denied the government's motion on Counts 1–2 on the merits. Count 1 could proceed because the "warrants were void as to Plaintiffs, and Defendants have not demonstrated that the arrest was otherwise legal," Doc. 124 at 34, and Count 2 could proceed because the FBI agents had unlawfully touched Plaintiffs, *id.* at 35–37.

Following this Court's decision in *Kordash v. United States*, 51 F.4th 1289 (11th Cir. 2022), however, the government moved for reconsideration. Doc. 133. It argued that *Kordash* had solidified this Circuit's recognition of a Supremacy Clause bar to FTCA claims. 51 F.4th at 1293–94 (citing *Denson v. United States*, 574 F.3d 1318 (11th Cir. 2009)). The district court agreed and granted summary judgment on Counts 1–2. Doc. 141. As a result, none of Plaintiffs' FTCA claims survived.

## II. This Court affirmed the application of the discretionary-function exception and Supremacy Clause bar.

Plaintiffs appealed. Observing that the Supremacy Clause bar was "[s]imilar to the discretionary function exception," the panel affirmed the dismissal of Plaintiffs' FTCA claims. C.A.Doc. 33-1 at 15. Because "the FBI does not have any

policies governing how to locate or navigate to a target address," the panel concluded that Guerra "enjoyed discretion in how he prepared for the warrant execution," and since "a federal officer's decision as to how to locate and identify the subject of an arrest warrant prior to service of the warrant is susceptible to policy analysis," Guerra's actions "fall squarely within the discretionary function exception." C.A.Doc. 33-1 at 4, 16 (cleaned up, but citing, among others, *Mesa*, 123 F.3d at 1438, and *Shivers v. United States*, 1 F.4th 924, 929 (11th Cir. 2021)).

## III. The Supreme Court overruled the Supremacy Clause bar, vacated this Court's affirmance, and asked it to conduct a "careful reexamination of this case."

Plaintiffs petitioned for a writ of certiorari, which the Supreme Court granted. On review, the Supreme Court unanimously vacated this Court's decision dismissing Plaintiffs' FTCA claims and "clear[ed] away the two faulty assumptions on which" this Court's decision had rested. *Martin 2*, 605 U.S. at 415.

First was the scope of the law-enforcement proviso. Overruling this Court's decision in *Nguyen*, the Supreme Court held that the proviso "countermand[s] only § 2680(h)'s intentional-tort exception," rather than overriding all exceptions in Section 2680. *Martin 2*, 605 U.S. at 403; *id.* at 403–08. Second was the Supremacy

Clause bar. Overruling this Court's decisions in *Denson* and *Kordash*, the Supreme Court held that the Supremacy Clause cannot foreclose FTCA claims. *Id.* at 409–13.

The Supreme Court then remanded the case, instructing this Court to take a fresh look. *Martin 2*, 605 U.S. at 413–15. Specifically, the Supreme Court directed this Court to consider anew "whether [the] discretionary-function exception bars either the plaintiffs' negligent- or intentional-tort claims." *Id.* at 414. The Supreme Court noted that the Eleventh Circuit "has suggested that the discretionary-function exception bars any claim '*unless* a source of federal law "specifically prescribes" a course of conduct[.]'" *Id.* (quoting in part *Shivers*, 1 F.4th at 931). Describing Plaintiffs' arguments, it listed several reasons why this "suggest[ion]" may be mistaken, including that the discretionary-function exception does not shield ministerial acts, constitutional violations, or carelessness. *Id.* (acknowledging circuit splits on the latter two issues).

Justice Sotomayor, joined by Justice Jackson, concurred and identified an additional "reason to question" *Shivers* and its application here: *Shivers*'s "suggestion" about the discretionary-function exception's sweep "run[s] headlong into" Supreme Court precedent. *Martin 2*, 605 U.S. at 418. That precedent, "after all, applies the discretionary-function exception only where an official's actions both

involve an element of judgment and rely on public policy considerations." *Id.* And Justice Sotomayor added that, when construing the discretionary-function exception, "[c]ourts . . . should not ignore the existence of the law enforcement proviso, or the factual context that inspired its passage[.]" *Id.* at 420. "Whatever else is true of [the discretionary-function] exception, any interpretation should allow for liability in the very cases Congress amended the FTCA to remedy"—namely, wrong-house raids. *Id.*

Ultimately, the Supreme Court recognized "that important questions surround whether and under what circumstances [the discretionary-function] exception may ever foreclose a suit like this one." *Martin 2*, 605 U.S. at 415. Before deciding those questions itself, however, the Court said it "would benefit from [this Court's] careful reexamination of this case in the first instance." *Id.*

## IV. The panel again affirmed and dismissed Plaintiffs' FTCA claims but urged en banc review.

On remand, the panel "reluctantly" concluded that the Supreme Court's request for "careful reexamination" did not give the panel "an opportunity to reconsider" earlier circuit precedent. Maj. 13. As a result, the panel held it was bound—most prominently by *Shivers* and *Mesa*—to affirm the district court's

application of the discretionary-function exception to all of Plaintiffs' FTCA claims. Maj. 10–27.

The panel observed that, under circuit precedent, a government employee's conduct can escape the discretionary-function exception "[o]nly if a federal statute, regulation, or policy specifically prescribes a course of action, embodying a fixed or readily ascertainable standard." Maj. 12 (internal quotation marks omitted) (citing *Autery v. United States*, 992 F.2d 1523, 1529 (11th Cir. 1993)). It does not matter whether the conduct is unconstitutional or careless. *Id.* at 12–15 (citing *Shivers*, 1 F.4th at 931 (unconstitutionality), 930 (carelessness)). And "[t]hough it may be true that Supreme Court caselaw signals a connection between a 'discretionary function' and the regulatory policy of an administrative agency, our cases—rightly or wrongly—have largely extended the discretionary-function exception to the execution of warrants by law enforcement officers." *Id.* at 21 (citing *Mesa*, 123 F.3d at 1436–37); *see also id.* at 15–27. So the panel concluded: "We, as a three-judge panel, cannot contort or disregard our precedents in *Shivers* and in *Mesa* to provide Mr. Cliatt, Ms. Martin, or her son with recourse under the FTCA." *Id.* at 26–27.

Even so, all three judges on the panel joined Judge Jordan's concurrence to urge the Eleventh Circuit to "convene en banc to reexamine our discretionary-

function exception jurisprudence." Conc. 12. And, they added, "[t]his case seems like a good vehicle in which to do so." *Id.*

**Argument and Authorities**

In this case, the Supreme Court "readily acknowledge[d] that different lower courts have taken different views of the discretionary-function exception" and "that important questions surround whether and under what circumstances that exception may ever foreclose a suit like this one." *Martin 2*, 605 U.S. at 415. "[B]efore addressing them," however, it "would benefit from the Eleventh Circuit's careful reexamination of this case in the first instance." *Id.* The en banc Court should rehear this case to provide that careful reexamination for four reasons.

*First*, this Court's interpretation of the discretionary-function exception conflicts with Supreme Court precedent. Fed. R. App. P. 40(b)(2)(B). *Second*, this Court's current precedent conflicts with its earlier decisions interpreting the exception. Fed. R. App. P. 40(b)(2)(A). *Third*, the Eleventh Circuit is involved in important circuit splits. Fed. R. App. P. 40(b)(2)(C). *Fourth*, this case presents a question of exceptional importance. Fed. R. App. P. 40(b)(2)(D).

## I. The panel decision conflicts with Supreme Court precedent.

The Supreme Court last addressed the discretionary-function exception in *United States v. Gaubert*, 499 U.S. 315 (1991). There, it outlined a two-step test to determine whether the exception applies. Step one asks whether a federal employee's act is "discretionary in nature," which means it involves "an element of judgment or choice." *Id.* at 322 (citation omitted). If so, step two asks "whether [the employee's exercise of his] judgment is of the kind that the discretionary function exception was designed to shield[,]" which means that his decision was "based on considerations of public policy." *Id.* at 322–23 (quoting *Berkovitz v. United States*, 486 U.S. 531, 536–37 (1988)). This Court's understanding of the discretionary-function exception, "which even the Government d[id] not defend before [the Supreme] Court," runs "headlong into [the Supreme] Court's precedents." *Martin 2*, 605 U.S. at 418 (Sotomayor, J., concurring). It does so at both steps of *Gaubert*'s test.

Begin with step one. *Gaubert* held that "[t]he requirement of judgment or choice is not satisfied *if* a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow,' because 'the employee has no rightful option but to adhere to the directive.'" 499 U.S. at 322 (emphasis added) (quoting

*Berkovitz*, 486 U.S. at 536). But, as Judge Jordan observed for all three members of the panel, this Circuit has "taken this language from *Gaubert* and made the presence of a prescriptive statute, regulation, or policy an absolute requirement for a plaintiff's claims to overcome the exception."[3] Conc. 3; Maj. 11–12. Because "if" does not mean "unless," this absolute requirement is contrary to *Gaubert* and the line of authority it synthesizes. Conc. 3–6. And when it comes to warrants, more specifically, this Court's conclusion that their execution is "discretionary in nature" conflicts with the Supreme Court's statement that executing a warrant is "a ministerial act." *Compare Mesa*, 123 F.3d at 1438, *with Utah v. Strieff*, 579 U.S. 232, 240 (2016); *cf.* Conc. 9 ("Why can't the first prong be as simple as deciding that the warrant . . . d[id] not grant the SWAT team any discretion as to *where* to execute it?"). *But see* Maj. 21–23.

[3] *E.g.*, *Shivers*, 1 F.4th at 931 ("[T]he discretionary function exception applies *unless* a source of federal law specifically prescribes a course of conduct."); *Autery*, 992 F.2d at 1529 ("Only if a federal statute, regulation, or policy specifically prescribes a course of action, embodying a *fixed or readily ascertainable standard*, will a government employee's conduct not fall within the discretionary function exception."); *Zelaya v. United States*, 781 F.3d 1315, 1330 (11th Cir. 2015) ("Unless a federal statute, regulation, or policy specifically prescribes a course of action embodying a fixed or readily ascertainable standard, it will be presumed that the particular act involved an element of judgment or choice.") (all quotations cleaned up).

Eleventh Circuit precedent fares no better at step two. The Supreme Court has explained that, through the discretionary-function exception, "Congress wished to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy[.]" *United States v. Varig Airlines*, 467 U.S. 797, 814 (1984). As Judge Jordan observed, "the Supreme Court has addressed the scope of the discretionary-function exception in cases involving complex regulatory regimes or statutory schemes."[4] Conc. 5 n.1; *see also* Maj. 17. And in cases that do not threaten the implementation of regulation, the Supreme Court has been quick to reject the exception's application—even when discretion is involved. *See Hatahley v. United States*, 351 U.S. 173, 181 (1956) (wrongful seizure of horses); *see also Indian Towing Co. v. United States*, 350 U.S. 61, 69 (1955) (negligent

[4] *E.g.*, *Gaubert*, 499 U.S. 315 (FHLBB's regulatory policy regarding federal savings and loan associations); *Berkovitz*, 486 U.S. 531 (FDA's regulatory policy regarding vaccines); *Varig Airlines*, 467 U.S. 797 (FAA's regulatory policy regarding airplane safety certification); *Dalehite v. United States*, 346 U.S. 15 (1953) (TVA's regulatory policy regarding a fertilizer production program).

lighthouse maintenance); *Rayonier Inc. v. United States*, 352 U.S. 315, 318–19 (1957) (negligent forest firefighting).[5]

The same cannot be said for this Circuit's cases, which "have applied the discretionary-function exception to low-level decisions involving some modicum of discretion."[6] Maj. 18. So, "[t]hough it may be true that Supreme Court caselaw signals a connection between a 'discretionary function' and the regulatory policy of an administrative agency, [Eleventh Circuit] cases . . . have largely extended the discretionary-function exception to," for instance, "the execution of warrants by law enforcement officers." Maj. 21.

Indeed, the Eleventh Circuit's reading of the discretionary-function exception has "collapsed the *Gaubert* standard into an all-encompassing test that has no cognizable or meaningful line between policy judgments and non-deliberate

---

[5] Although neither *Indian Towing* nor *Rayonier* directly addressed the discretionary-function exception, they have been cited to aid the interpretation of that exception. *See Smith v. United States*, 375 F.2d 243, 246 (5th Cir. 1967); *see also* Maj. 17–18 & n.6.

[6] *E.g.*, *Mesa*, 123 F.3d at 1438 (steps taken by DEA agents to identify the subject of a warrant); *Hughes v. United States*, 110 F.3d 765, 768 (11th Cir. 1997) (decisions related to post office security); *O'Ferrell v. United States*, 253 F.3d 1257, 1266–67 (11th Cir. 2001) (decisions by law enforcement officers throughout an investigation); *Mid-South Holding Co. v. United States*, 225 F.3d 1201, 1206 (11th Cir. 2000) (on-site decisions of customs agents regarding how to conduct a search).

decisions." Conc. 6. As a result, the exception is so capacious in this Circuit that even negligent driving—the quintessential example of discretionary-but-unprotected activity—is apparently insulated from liability. *Gaubert* explained that "[a]lthough driving requires the constant exercise of discretion, the official's decisions in exercising that discretion can hardly be said to be grounded in regulatory policy." 499 U.S. at 325 n.7. But under cases like *Shivers* and *Mesa*, "a federal official's negligent driving decisions would fall beyond the reach of the discretionary-function exception only if federal law or policy specifically prescribed an officer's permissible maneuvers on the road." *Martin 2*, 605 U.S. at 418 (Sotomayor, J., concurring); *see also* Conc. 11.

That cannot be right. So, Judge Jordan rightly asked, "How can it be that the conduct here—which is essentially the equivalent of a government driver making a wrong turn onto a one-way street—is defeated by the discretionary-function exception because there is no 'mandatory regulation or policy' dictating that a member of the SWAT team is required to check the street sign or the house number on the mailbox?" Conc. 11. The panel could not remedy this inconsistency, but the en banc Court can and should.

## II. The panel decision conflicts with this Court's earlier precedent.

This Court's modern decisions similarly conflict with earlier circuit precedent. *See* Conc. 6–11. Unlike the permissive standard embraced in cases like *Shivers* and *Mesa*, earlier Eleventh Circuit "cases correctly reflect that the first prong of *Gaubert* must have some teeth[.]" Conc. 7. As this Court wrote in *Smith v. United States*, for instance, "[i]t is not a sufficient defense for the government merely to point out that some decisionmaking power was exercised by the official whose act was questioned." 375 F.2d at 246. Many earlier and still-binding circuit decisions are in accord.[7] *See* Conc. 7–8. Only the en banc Court can harmonize this discordant precedent.

[7] *E.g.*, *Drake Towing Co. v. Meisner Marine Constr. Co.*, 765 F.2d 1060, 1064 (11th Cir. 1985) ("For the government to show merely that some choice was involved in the decision-making process is insufficient to activate the discretionary function exception."); *Payton v. United States*, 679 F.2d 475, 480 (5th Cir. Unit B 1982) (en banc) ("[T]he fact that the negligence may have occurred in connection with a discretionary function does not make the negligent act a discretionary function." (quoting *Aretz v. United States*, 604 F.2d 417, 431 n.18 (5th Cir. 1979))); *J.H. Rutter Rex Mfg. Co. v. United States*, 515 F.2d 97, 99 (5th Cir. 1975); *Pigott v. United States*, 451 F.2d 574, 575 (5th Cir. 1971) ("[D]ecisions merely as to the day and hour of the [operation] and the amount of thrust . . . [are] insufficient[.]"); *cf. Rosas v. Brock*, 826 F.2d 1004, 1008 (11th Cir. 1987).

## III. The panel decision conflicts with the decisions of other circuits.

As the Supreme Court indicated, there are at least two recognized circuit splits concerning whether certain categories of conduct—unconstitutional conduct and careless conduct—fall outside the discretionary-function exception. *Martin 2*, 605 U.S. at 414–15; *id.* at 417–18 (Sotomayor, J., concurring). The panel opinion confirms this Circuit's position in both.

*First*, there is a split over whether the exception applies to unconstitutional conduct. Seven circuits hold that it does not,[8] and, in the Supreme Court, the parties agreed.[9] But two circuits, including this one, hold the opposite. *Shivers*, 1 F.4th at 930–31; *Linder v. United States*, 937 F.3d 1087, 1090 (7th Cir. 2019). So the panel

[8] *Limone v. United States*, 579 F.3d 79, 102 (1st Cir. 2009); *Myers & Myers, Inc. v. USPS*, 527 F.2d 1252, 1261 (2d Cir. 1975); *U.S. Fid. & Guar. Co. v. United States*, 837 F.2d 116, 120 (3d Cir. 1988); *Medina v. United States*, 259 F.3d 220, 225 (4th Cir. 2001); *Raz v. United States*, 343 F.3d 945, 948 (8th Cir. 2003); *Nurse v. United States*, 226 F.3d 996, 1002 (9th Cir. 2000); *Loumiet v. United States*, 828 F.3d 935, 943 (D.C. Cir. 2016).

[9] *See* Cert. Pet. at 31–33, *Martin v. United States*, 605 U.S. 395 (2025) (No. 24-362); BIO at 13 ("The government agrees that a constitutional mandate, no less than a federal statutory or regulatory one, can eliminate a government official's discretion. . . .").

"reluctantly" hewed to *Shivers*, applying the exception even though Agent Guerra's conduct violated the Fourth Amendment. *See* Maj. 13, 36–37.

*Second*, "there is a split over whether the exception applies when the challenged act was careless[.]" *Xi v. Haugen*, 68 F.4th 824, 843 (3d Cir. 2023) (Bibas, J., concurring). Three circuits hold that it does not.[10] Four circuits, including this one, hold that it does.[11] Although the panel noted that this Court had "not expressly weighed in" on this conflict, it read *Shivers* to place this Court on the latter side of the split. Maj. 13–15.

## IV. This case involves a question of exceptional importance.

The Supreme Court has already flagged "that important questions surround whether and under what circumstances [the discretionary-function] exception may ever foreclose a suit like this one." *Martin 2*, 605 U.S. at 415. In addition to those outlined above—*i.e.*, the application of *Gaubert*'s test and whether the exception

---

[10] *Coulthurst v. United States*, 214 F.3d 106, 111 (2d Cir. 2000); *Rich v. United States*, 811 F.3d 140, 147 (4th Cir. 2015); *Palay v. United States*, 349 F.3d 418, 432 (7th Cir. 2003).

[11] *Willis v. Boyd*, 993 F.3d 545, 549 (8th Cir. 2021); *Lam v. United States*, 979 F.3d 665, 682 (9th Cir. 2020); *Ball v. United States*, 967 F.3d 1072, 1077 (10th Cir. 2020); *Shivers*, 1 F.4th 924.

shields unconstitutional, careless, or ministerial conduct—is the question whether the discretionary-function exception can be interpreted to bar wrong-house raids at all. After all, Congress amended the FTCA to add the law-enforcement proviso "in direct response to the Collinsville wrong-house raids." Conc. 12; *see also Martin 2*, 605 U.S. at 419–20 (Sotomayor, J., concurring).

This case exemplifies what Congress enacted the law-enforcement proviso to remedy, yet Circuit law bars that remedy. All three members of the panel therefore agreed that this case is "an exceptionally important vehicle to reexamine our discretionary-function exception jurisprudence." Conc. 1, 11.

* * *

To provide the Supreme Court the "benefit" of this Court's "careful reexamination of this case in the first instance," harmonize this Circuit's precedent, address the split of authority between the circuits, and answer the "important questions surround[ing]" the discretionary-function exception, *Martin 2*, 605 U.S. at 415, this Court should grant the petition and reinterpret the exception from first principles. In *Martin 2*, the Supreme Court "clear[ed] away the two faulty assumptions" on which this Circuit had relied in the past. *Id.* The en banc Court should take up this case and clear away the rest.

## Conclusion

For the reasons above and those in Judge Jordan's concurrence, this Court should grant rehearing en banc as to Plaintiffs' FTCA claims.

Respectfully submitted on November 20, 2026,

/s/ Patrick Jaicomo
Patrick Jaicomo
*Lead Counsel*
Anya Bidwell
Dylan Moore
Jared McClain
INSTITUTE FOR JUSTICE
901 N. Glebe Rd.,
Suite 900
Arlington, VA 22203
(703) 682-9320
pjaicomo@ij.org

Lisa C. Lambert
LAW OFFICE OF
LISA C. LAMBERT
245 N. Highland Ave.,
Suite 230-139
Atlanta, GA 30307

Zack Greenamyre
MITCHELL SHAPIRO
GREENAMYRE & FUNT
881 Piedmont Ave. NE
Atlanta, GA 30309

Jeffrey R. Filipovits
FILIPOVITS & SMITH
315 W. Ponce de Leon Ave.,
Suite 865
Decatur, GA 30030

*Attorneys for Plaintiffs-Appellants*

## Certificate of Compliance

This petition complies with the type-volume limitation of Federal Rule of Appellate Procedure 40(d)(3)(A) because the petition contains 3,898 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f) and Eleventh Circuit Rule 40-4.

This petition complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this petition has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Equity A font.

November 20, 2026

/s/ Patrick Jaicomo
*Attorney of Record for Plaintiffs-Appellants*

## Certificate of Service

I hereby certify that on November 20, 2026, I caused the foregoing to be filed electronically with the Clerk of Court using the CM/ECF system, which automatically sends notice of such filing to all parties and counsel of record.

November 20, 2026

/s/ Patrick Jaicomo
*Attorney of Record for Plaintiffs-Appellants*